UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jerome Vernard Hart, # 22184-171,   ) C/A No. 9:12-1628-MGL-BM
                                    )
                                    )
                         Plaintiff, )
                                    )
vs.                                 ) REPORT AND RECOMMENDATION
                                    )
Doctor John Doe;                    )
Lt. John Doe;                       )
Nurse Jane Doe, and                 )
Officer John Doe,                   )
                                    )
                        Defendants. )

This is a civil action filed *pro se* by a federal prison inmate in Coleman, Florida, where he is serving a criminal sentence on a firearm-related conviction entered by this court. *See United States v. Hart*, Crim. No. 0:10-1074-MBS (D.S.C.). While awaiting his federal trial, Plaintiff was housed at the Lexington County Detention Center between May and December 2011, and Plaintiff alleges in this lawsuit that he was injured as a result of a slip-and-fall that he suffered in the shower area of the detention center. Plaintiff asks this court for $500,000.00 in compensatory damages and $500,000.00 in punitive damages from a doctor, a nurse, and two corrections officers from Lexington County Detention Center. ECF No. 1, at 5.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). However, even when considered under this less stringent standard, a review of the Complaint filed in this case shows that it is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

With respect to medical and health needs, a prisoner seeking to establish a viable claim for damages under 42 U.S.C. § 1983 must show deliberate indifference by state actors such as prison doctors, nurses, and corrections officers to a serious need. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Cir. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Cir. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Cir. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Cir. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Cir. 1991) *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). At the thresh hold, a complaint



2

of deliberate indifference must disclose an objective injury or inattention to serious medical need. *Shakka v. Smith*; *Strickler v. Waters*, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *Wilson*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Although he does not clearly state what particular form of indifference he seeks to rely upon: medical indifference or indifference to inmate safety, Plaintiff's complaint fails to sufficiently allege either form of indifference. Plaintiff alleges that following a fall in the shower in May or June of 2011 he was seen in medical, given some pain medication for injuries to his shoulders and elbow, and given a walker. Plaintiff then alleges that following an altercation with another inmate in September 2011, his walker was taken away from him. Plaintiff then alleges that two (2) months later, in November 2011, he fell in the shower, injuring his hip and back. Plaintiff also alleges he hit his head when he fell. Plaintiff was seen again by medical, at which time he was "placed back on the walker." However, Plaintiff does not allege that the second fall and injury was caused by the lack of a walker. Rather, he states that he fell again because "puddles of water was on the floor." Approximately two weeks later Plaintiff was transferred away from the detention center. There are no allegations that Plaintiff sought medical care, but that his requests were ignored or refused. To the contrary, the factual allegations show that Plaintiff was promptly provided with medical care both times he experienced falls. While Plaintiff might not have been "cured" of all pain and discomfort by the medical providers, he was given appropriate medication and was physically



3

examined and evaluated. Hence, Plaintiff's own allegations and documentation do not show that any of the Defendants in this case were either objectively or subjectively indifferent to Plaintiff's medical needs following his falls.

Moreover, Plaintiff makes no allegations from which knowledge of any kind of unusual potential for injury to Plaintiff can be seen. All Plaintiff says is that his walker was taken in September 2011, allegedly without good cause, and that two (2) months later, in November 2011 he fell again in the shower. (ECF No. 1, Compl. 3). Plaintiff does not say that he could not ambulate or had slipped more than that once without his walker, or that any Defendant was aware of any kind of increased risk of falling that he might have had without use of his walker, particularly in light of the fact that two (2) months elapsed between when the walker was taken and Plaintiff falling in the shower. Further, instead of ignoring Plaintiff's injuries, his own allegations show that the jail arranged for him to be seen and treated by physicians after the November fall. There are no allegations showing that Plaintiff needed more care than was given to him, so, at most, there is apparently a disagreement over how much care was given to him and whether or not the medical staff was negligent in their treatment.

Section 1983 medical indifference claims do not encompass medical malpractice claims or other negligence-based claims arising from medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While "the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). Furthermore, it is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Therefore, no viable medical indifference claim has been pled.



4

Finally, to the extent that Plaintiff is seeking to recover damages based on a claim that the condition of the premises at the Lexington County Detention Center caused his injuries because of indifference by the Defendants to inmate safety, Plaintiff provides no factual information about any improper or dangerous condition of the showers before he fell, or about whether or not any named Defendant was aware of such conditions and knowingly failed to correct them if needed. He only alleges that he fell in a puddle of water in the shower area. In the absence of allegations of some other special problem with the area, of which the Defendants had advance notice and an opportunity to correct, the mere presence of water in a shower area does not present any unreasonable risk of injury to persons who use the showers. Rather, a random fall in wet conditions in a shower area, without more, shows, at most, a potential negligence claim, but not deliberate indifference in the absence of additional allegations showing something like long-term knowledge of an improper condition and no attempts to warn or fix it. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Further, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g., Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990).

## RECOMMENDATION

Because Plaintiff does not adequately plead deliberate indifference to either his medical needs or to inmate safety by the named Defendants, his Complaint does not state a claim



upon which relief may be granted, and this case should be summarily dismissed without the issuance of process for any Defendant. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

```
                                        _____
                                        Bristow Marchant
                                        United States Magistrate Judge
```

August 13, 2012
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

