**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jerome Vernard Hart, # 22184-171    )<br>                                                          )<br>                      Plaintiff,             )<br>                                                          )<br>          v.                                         )<br>                                                          )<br>Doctor John Doe; Lt. John Doe;       )<br>Nurse Jane Doe, and Officer John Doe, )<br>                                                          )<br>                      Defendants.        )<br>_____) | Civil Action No.: 9:12-1628-MGL<br><br>**OPINION AND ORDER** |

Plaintiff Jerome Bernard Hart ("Plaintiff"), a federal prisoner, proceeding *pro se* filed this action pursuant to 42 U.S.A. § 1983 alleging deliberate indifference and violations of his constitutional rights. Plaintiff's allegations arise out of a slip and fall he suffered in shower area of the Lexington County Detention Center in Lexington, South Carolina, where Plaintiff was housed while awaiting his federal trial. Plaintiff seeks compensatory and punitive damages. This case was automatically referred to the United States Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On August 13, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's complaint be dismissed due to Plaintiff's failure to state a claim for which relief may be granted. (ECF. No. 15.) The Report sets forth in detail the relevant facts and standard of law on this matter which the court incorporates herein without recitation.

**LAW/ANALYSIS**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.A., § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983). Plaintiff has filed timely written objections to the Report. (ECF. No. 18.)

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here Plaintiff alleges that following a fall in a shower in May or June of 2011, he was seen by medical, given pain medication for his injuries, and given a walker. (ECF. No. 1 at 3). He further alleges that in September 2011, his walker was taken away from him following an altercation with another inmate. (*Id.*) Then, in November 2011, he alleges he suffered injuries from another fall in the showers. (*Id.*) Plaintiff asserts he was seen by medical and was "placed back on the walker." (*Id.*) Plaintiff does contend his fall was caused due to not having a walker, instead he asserts he fell because there were puddles of water on the floor.

In this action, Plaintiff's allegations do not rise to the level of a constitutional violation. To show deliberate indifference, a plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A plaintiff must show that a prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir.1987). As explained fully in the Magistrate's Judge's Report, Plaintiff makes no allegations from which knowledge of any unusual potential for injury can be seen. Additionally, Plaintiff's allegations indicate that the Lexington County Detention Center did not ignore Plaintiff's injuries, instead, Plaintiff was seen and treated by a physician. Plaintiff has not alleged he needed more medical care than was given to him.

Next, Plaintiff's allegations do not suggest that anyone acted deliberately indifferent to a specific known risk of harm. To the extent Plaintiff attempts to state a claim of deliberate indifference to his safety, the Magistrate Judge found that Plaintiff failed to provide any factual information about any improper or dangerous condition of the showers before he fell, or about whether or not any named Defendant was aware of such conditions and knowingly failed to correct them if needed. The Court agrees with the Magistrate Judge that a random fall in a shower area does not present any unreasonable risk of injury to persons who use the showers. The Court further agrees with the Magistrate Judge, that a random fall without more, may be a potential negligence claim, however, negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 427, 328-36 (1986).

Plaintiff objects to the Magistrate Judge's Recommendation. Plaintiff's objections fail to direct the Court to a specific error of the Magistrate Judge and are unrelated to the dispositive

portions of the Report.  Upon consideration,  Plaintiff's objections are overruled.

Plaintiff filed this suit pursuant to 28 U.S.C. § 1915.  Upon consideration, the Court is of the opinion that, for the reasons previously stated herein and in the Report of the Magistrate Judge, it must dismiss this case *sua sponte* based on Plaintiff's failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Having reviewed the record, the Magistrate Judge's Report, the relevant case law, and Plaintiff's objections, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.  This action is hereby **DISMISSED** without prejudice and without issuance and service of process.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

November 15, 2012
Spartanburg, South Carolina